IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAMELA E. MUMPHREY                                                    PLAINTIFF

vs.                          Civil No. 2:12-cv-02241

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Pamela Mumphrey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and

a period of disability under Titles II and XVI of the Act.  The parties have consented to the

jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including

conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment

proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and

orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her applications for DIB and SSI on July 13, 2009.  (Tr. 215-226).  Plaintiff

alleged she was disabled due to degenerative disc disease, cervical strain, neck injury, low back pain,

central disc herniation, chronic disc disease, trouble sleeping, headaches, and depression.  (Tr. 292).

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for
this case are referenced by the designation "Tr."

Plaintiff alleged an onset date of January 1, 2008.  (Tr. 292).  Plaintiff's applications were denied

initially and at the reconsideration level.  (Tr. 99-128).

On June 14, 2008, Plaintiff requested an administrative hearing on her applications.  (Tr.

129).  This hearing was held on April 2, 2009.  (Tr. 58-98).  On April 29, 2009, the ALJ entered an

unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 106-109).  On March

30, 2010, the Appeals Council remanded the case to the ALJ.  (Tr. 110-111).

Following remand, Plaintiff had a second hearing on September 14, 2010.  (Tr. 25-57).

Plaintiff was present and was represented by her attorney, Greg Thurman, at this hearing.  *See id.*

Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing.  *See id*.  On the date

of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under

20 C.F.R. § 404.1563(c) (2009), and had a high school education with some college.  (Tr. 30-31).

On February 11, 2011, the ALJ entered an unfavorable decision denying Plaintiff's

applications for DIB and SSI.  (Tr. 9-19).  The ALJ determined Plaintiff met the insured status

requirements of the Act through December 31, 2012.  (Tr. 11, Finding 1).  The ALJ also determined

Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2008.  (Tr. 11,

Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease,

cervical strain, headaches, obesity, and depression.  (Tr. 12, Finding 3).  The ALJ also determined,

however, that Plaintiff did not have an impairment or a combination of impairments that met or

medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to

Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 14-18).  First, the ALJ indicated evaluated  Plaintiff's subjective complaints pursuant to the

requirements of 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 and found her claimed limitations

were not totally credible.  (Tr. 15).  Second, the ALJ determined, based upon his review of Plaintiff's

subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained

the RFC for sedentary work.  The ALJ also found Plaintiff could occasionally climb ramps and

stairs, balance, stoop, kneel, crouch and crawl, but cannot climb ladders, ropes and scaffolds; is able

to occasionally reach overhead; is able to understand, remember and carry out simple, routine and

repetitive tasks; and can respond appropriately to supervisors, coworkers, the general public, and

usual work situations.  (Tr. 14, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and her ability to perform

that work and other work in the national economy.  (Tr. 18, Finding 6).  The ALJ determined,

considering her RFC, that Plaintiff would be unable to perform her PRW as a production operator

and a staff assistant in independent living.  *Id.*

The ALJ also determined there was other work existing in significant numbers in the national

economy Plaintiff could perform.  (Tr. 18, Finding 10).  The VE testified at the administrative

hearing regarding this issue.  (Tr. 44-57).  Based upon that testimony, the ALJ determined Plaintiff

retained the ability to perform other work such as a patcher with 1,500 such jobs in the region and

15,500 such jobs in the nation, credit authorizer with 75 such jobs in the region and 16,000 such jobs

in the nation, and interviewer with 500 such jobs in the region and 37,000 such jobs in the nation.

(Tr. 9).  Given this, the ALJ determined Plaintiff had not been under a disability as defined in the

Act from January 1, 2008 through the date of his decision.  (Tr. 19, Finding 11).

On March 30, 2011, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 194-195).  *See* 20 C.F.R. § 404.968.  On August 15, 2012, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3).  On October 16, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The parties consented to the jurisdiction of this Court on October 22, 2012. ECF No. 5.  Both parties have filed appeal briefs.  ECF Nos. 8, 12.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record.  ECF No. 8 at 10-19.  Specifically, Plaintiff claims the ALJ erred

(1) in his RFC determination of Plaintiff and (2) by improperly evaluating the opinions of Plaintiff's

treating physician. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC for sedentary work. The ALJ also found Plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, but cannot climb ladders, ropes and scaffolds; is able to occasionally reach overhead; is able to understand, remember and carry out simple, routine and repetitive tasks; and can respond appropriately to supervisors, coworkers, the general public, and usual work situations. (Tr. 14,

Finding 5).  Plaintiff claims substantial evidence does not support the ALJ's RFC determination

because the ALJ erred in his treatment of the opinions of her treating physician.  Defendant argues

the ALJ considered these opinions but properly disregarded them for being inconsistent with the

evidence in the record.

Social Security Regulations and case law state that a treating physician's opinion will be

granted "controlling weight," provided it is "well-supported by medically acceptable clinical and

laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the]

record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R.

§ 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a

treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and

SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical

assessments "are supported by better or more thorough medical evidence," or where a treating

physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013

(quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320,

1324-25 (8th Cir. 1996)).

Plaintiff was first seen by treating physician, Dr. Terry Brackman on June 22, 2007.  (Tr.

555-556).  Plaintiff was seen for neck and back pain. *Id.*  Throughout 2007 and till early 2009,

Plaintiff was seen on numerous occasions by Dr. Brackman for continued complaints of neck and

back pain.  (Tr. 514-555, 629-677).  On May 26, 2007, Plaintiff had an MRI of her lumbar spine

which found a desiccation of the L5 disc and a small midline herniation.  (Tr. 404-405).

Additionally, on June 18, 2007, Plaintiff's cervical x-ray showed chronic disc disease at the C4-5

and C5-6 with osteophyte formation.  (Tr. 380).

On March 17, 2009, Dr. Brackman prepared a Physical Residual Functional Capacity Questionnaire.  (Tr. 621-627).  Dr. Brackman indicated Plaintiff had diagnoses of chronic L5 strain/sprain condition; degenerative disk disease; and degenerative joint disease at L5-Sl with a poor prognosis.  (Tr. 621).  Dr. Brackman also indicated Plaintiff could not perform sustained work activity; could sit a total of two hours of an eight hour day; and was incapable of even low stress jobs.  *Id.*  Dr. Brackman estimated Plaintiff would be absent from work more than four days per month.  (Tr. 626).  Finally, Dr. Brackman indicated Plaintiff was incapable of even low stress jobs and her attention and concentration would be interfered frequently.  (Tr. 622).

Although the ALJ did mention Plaintiff's treatment by Dr. Brackman, the ALJ placed the "greatest weight" to a Functional Capacity Exam and then found Plaintiff capable of performing sedentary work.  (Tr. 17).  Defendant is correct in stating the ALJ was not required to give controlling weight to the opinion of Dr. Brackman regarding Plaintiff being "disabled" because opinions that a Plaintiff is disabled or unable to work concern issues reserved for the ALJ.  *See Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  However, in this matter it was error to give Dr. Brackman's opinions no weight and to make no other findings or discussion regarding Dr. Brackman's treatment of Plaintiff.

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.  *See Brown v. Astrue,* 611 F.3d 941, 951-52.  However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so."  *Id.* (internal quotation and citation omitted).  In this matter, The ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Brackman's findings.  *See Brown,* 611 F.3d at 951-52.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled

because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Brackman. Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis of the opinions of Dr. Brackman. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **22nd day of October 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE