IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAMELA MUMPHREY                                                                                      PLAINTIFF

vs.                                          Civil No. 2:12-cv-02241

CAROLYN COLVIN                                                                                       DEFENDANT
Commissioner, Social Security Administration

**ORDER**

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 15.[1] With this Motion, Plaintiff requests an EAJA award of $5,422.00. *Id.* On February 3, 2014, Defendant responded to this Motion and objects to the number of hours claimed by Plaintiff counsel, expenses requested, and the request that the EAJA payment be made directly to him, instead of to Plaintiff. ECF No. 19. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this Order.

**1. Background:**

Pamela Mumphrey ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On October 22, 2013, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 13, 14.

On January 20, 2014 Plaintiff filed the present Motion requesting an award of attorney's fees under the EAJA. ECF No. 15. With this Motion, Plaintiff requests an award of attorney's fees of

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

$5,422.00, representing 27.90 hours of attorney time at an hourly rate of $180.00 and $400.00 in costs. *Id.* On February 3, 2014, Defendant responded to this Motion and objects to Plaintiff counsel's claimed hours, requested costs, and the request that the EAJA payment be made directly to him, instead of to Plaintiff. ECF No. 19.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be

2

> increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 14. Defendant does not contest Plaintiff's claim that she is the prevailing party. ECF No. 19. Defendant does oppose her application for fees under the EAJA and argues the government's decision to deny benefits was "substantially justified" and as such, Plaintiff is not entitled to EAJA fees. *Id.* This court disagrees with Defendants position and finds the decision to deny benefits was not substantially justified.

Plaintiff requests a total award of $5,422.00 under the EAJA. ECF No. 15. Plaintiff requests these attorney fees at a rate of $180.00 per hour for 27.90 hours of attorney work. *Id.* This hourly rate is authorized by the EAJA as long as the CPI-South index justifies the enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present

action, Plaintiff's requested rate of $180.00 is authorized by CPI-South index. Further, Defendant does not object to this hourly rate. ECF No. 19. Thus, this hourly rate is authorized by the EAJA, and this Court finds Plaintiff is entitled to $180.00 per hour of attorney work performed.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 17-1. Defendant has objected to some of the hours for which counsel seeks a fee award and argues they are excessive and unreasonable. ECF No. 19.

Defendant objects to Plaintiff's request for 3.60 hours of attorney time from August 2012, when the Complaint was not filed until October 2012. Defendant argues that not all of this time should be treated as work performed before the District Court. Based on the review of counsel's itemization, this Court finds Plaintiff's request for 2.60 hours from August 2012 to be unreasonable and not considered work before the district court.

Defendant objects to the request for 0.30 hours of attorney time on December 21, 2012, to review Defendant's Answer as excessive. Defendant also objects to requests for attorney time for review of routine ECF notices as excessive, including Plaintiff requests 0.10 of attorney time on January 24, 2013, to electronically file Plaintiff's Brief and 0.10 of attorney time on January 24, 2013, to read and review the ECF notice confirming filing. Based of the review of counsel's itemization, this Court finds Plaintiff's request for 0.30 of these hours to be unreasonable.

Finally, Defendant objects to Plaintiff's request for 2.00 hours of attorney time on January 13, 2013 to review Defendant's brief as excessive. Based of the review of counsel's itemization, this Court does not find Plaintiff's request for these hours to be unreasonable.

Defendant also argues Plaintiff request for $400.00 in costs for filling fee is excessive because the filing fee was only $350.00. This Court agrees and finds Plaintiff is only entitled to $350.00 in costs.

Therefore, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $4,850.00, representing 25.00 hours of attorney time at an hourly rate of $180.00 and costs of $350.00.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). ECF No. 19. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See id,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

### 4. Conclusion:

Based upon the foregoing, the Court awards Plaintiff **$4,850.00** pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **6th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE